# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

PHILLIP J. MAYER,         )
          )
    **Plaintiff,**       )
          )
    **v.**           )      **CAUSE NO. 1:12-CV-74**
          )
**NORFOLK SOUTHERN CORPORATION**    )
**d/b/a NORFOLK SOUTHERN RAILROAD,**    )
          )
    **Defendant.**     )

## OPINION AND ORDER

This case was removed to this Court from the DeKalb County Superior Court by the

Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The

Notice of Removal alleges that "[u]pon Norfolk Southern's information and belief, at the time

Plaintiff's Complaint was filed, Plaintiff was, and still is, a resident of DeKalb County, Indiana.

Therefore, Plaintiff is a citizen of the State of Indiana."  (Notice of Removal ¶ 4.)

Defendant's Notice of Removal, however, is inadequate for two reasons.  First, it is well-

settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of

information and belief, only personal knowledge."  *Yount v. Shashek*, No. Civ. 06-753-GPM,

2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of

Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg.,

LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro

Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M

Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Consequently,

Defendant must amend its Notice of Removal to allege the Plaintiff's citizenship on personal knowledge rather than on information and belief.

The Notice of Removal is also insufficient because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, as citizenship does not necessarily equate with residence, *Dahlstrom v. Simon*, No. 00 C 5189, 2000 WL 1231391, at *1 (N.D. Ill. Aug. 28, 2000), alleging that the Plaintiff is a *citizen* of the State of Indiana simply because he is a *resident* of Indiana is insufficient.

Therefore, the Court must be advised of each party's citizenship, not residency. As to Plaintiff Phillip Mayer, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, __ F.3d __, 2012 WL 372988, at *1 (7th Cir. Feb. 7, 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before March 19, 2012, properly alleging on personal knowledge the

citizenship of Plaintiff Phillip Mayer.

SO ORDERED.

Enter for this 5th day of March, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge